UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

         CRIM. CASE NO. 13-20764

    Plaintiff,

v.

         PAUL D. BORMAN
         UNITED STATES DISTRICT JUDGE

D-13 CHARLES DAVIS,

    Defendant.
_____/

## ORDER
## DENYING DEFENDANT'S MOTION TO STRIKE SURPLUSAGE (Dkt #204)

Defendant is identified in the instant indictment as "Charles Davis a/k/a "2C's." Defendant moves to have the Court strike the phrase "a/k/a 2C's." Federal Rule of Criminal Procedure 7(d) permits the Court upon defendant's motion to strike surplusage from the indictment.

Defendant contends that there is no legitimate basis for adding this alias, except to impermissible prejudice Defendant Davis.

The Government's response states that Defendant's alias is relevant to the proofs at trial insofar as identifying Defendant Davis in that many witnesses did not know members of the Phantoms Motorcycle Club by their legal names, but instead by their aliases.

The Sixth Circuit stated in *United States v. Emuegbunam*, 268 F.3d 377, 394-95 (6th Cir. 2001), citing *United States v. Wilkerson*, 456 F.2d 57, 59 (6th Cir. 1972), that "while we strongly disapprove of the practice of including aliases in indictments," it is permissible "when proof of

1

an alias is relevant to identifying a defendant."

In the instant case, that is the Government's reason for including "a/k/a 2C's" in the indictment. The Court also notes that the a/k/a term "2C's" is not prejudicial as would be, for example, the a/k/a "Capone."

Accordingly, Defendant's Motion to Dismiss Surplusage is DENIED.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 1, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 1, 2014.

s/Deborah Tofil
Case Manager