UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

CRIM. CASE NO. 13-20764

v.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

D-13 CHARLES DAVIS,

    Defendant.
_____/

ORDER DENYING "SECOND REQUEST FOR RECONSIDERATION
OF EVIDENTIARY RULINGS" (Dkt. #406)

On February 5, 2015, Defendant Davis filed a Motion in Limine, (Dkt. #400) requesting that the Court exclude "Evidence, testimony and/or exhibits pertaining to the alleged 'shooting up' of the residence of Defendant's former girlfriend." (Dkt. #400, P.2). The Court, having read the Motion and the Brief, granted Defendant Davis' motion for the reasons stated on the record.

On February 10, 2015, Defendant Davis filed a "Second Request for Reconsideration of Evidentiary Rulings. This is a Motion for Reconsideration; no brief was attached, as required by L.R. 7.1(h) and 12.1.

Defendant now claims that what he asked for, and received, isn't what he asked for. The Court finds that Defendant Davis' attempt to recast what he sought in the original motion is disingenuous; he received all that he requested in that motion. As to

1

relevant and not substantially outweighed by prejudice.

Defendant's Second Request challenges the Court's evidentiary ruling admitting Defendant Nicholson's statement at Sinai Grace Hospital. Defense counsel cites as authority the same 2 cases he cited to the Court <u>before</u> the Court's ruling. The Court took a break to read these cases; one unpublished Sixth Circuit decision, and one Kentucky district court. Then, the Court ruled the statement admissible, citing two published Sixth Circuit decisions: *United States v. Childs*, 539 F.3d 552, 559 (6th Cir. 2008), and *United States v. Rodriguez-Lopez*, 565 F.3d 312, 315 (6th Cir. 2009). Thus Defendant's second claim presents the same issue and case law covered by the Court's ruling and is DENIED under L.R. 7.1(h)(3).

Defendant's third request for reconsideration repeats the same "conspiracy" arguments that counsel for Defendant Davis has made time and again throughout the trial, which the Court has denied every time. There is nothing new in the third argument.

All three requests are DENIED. The Court finds, further, that the claims contained in the instant motion, and the fact that they were filed without a brief, violate 28 U.S.C. 1927 because they multiply the proceedings unreasonably and vexatiously.

SO ORDERED.

DATED: FEB 1 1 2015

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

2